UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD R. COTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:12-CV-365 |
| PILKINGTON NORTH AMERICA, INC., | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Pilkington North America, Inc.'s ("PNA") Motion for Leave to Amend Answer to Assert Additional Affirmative Defenses. (Docket # 20.) Plaintiff Richard R. Cota filed a response, objecting to the addition of several unknown non-parties that PNA seeks to add as nonparty defendants (Docket # 21), and PNA subsequently replied (Docket # 22). As such, the motion is now ripe for ruling.

For the following reasons, PNA's Motion for Leave to File Amended Answer will be GRANTED, provided that PNA removes the nonparty defenses that Cota objects to without prejudice to reasserting them later.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2011, Richard Cota was working at General Motors, unpacking front door glass from a rack of glass that was manufactured, designed, built, packaged and sold by PNA, when the glass shifted from the rack onto his foot, crushing it and causing severe injuries. (Compl. ¶¶ 3-4, 7.) Cota subsequently sued PNA on August 16, 2012, alleging that PNA had

1

negligently packed and maintained the rack of glass and that its packaged glass was a defective product. (*See* Compl. Counts I & II.) PNA was served with a copy of the Complaint and Summons on September 17, 2012 (Notice of Removal ¶ 3), and filed its Answer on November 8, 2012 (Docket # 10).

The parties submitted an Amended Report of Parties' Planning Meeting in December 2012, which set a deadline of September 1, 2013, for PNA to seek leave of court to amend the pleadings. (Docket # 13 at 3.) This was later made an order of the Court. (Docket # 14.)

On April 12, 2013, PNA moved for leave to amend its Answer to assert additional affirmative defenses (Docket # 20)—namely, to identify six previously unknown non-parties and add four more unknown non-parties. (Docket # 20-1 at ¶¶ 5-6.) Cota objected to the addition of the unknown non-parties, arguing that PNA must specifically identify them by name. (Docket # 21.) In reply, PNA asserts that, because of a statutory change in the definition of "nonparty," specific identification is no longer required, at least at the pleadings stage. (Docket # 22.)

### III. DISCUSSION

#### *A. Applicable Legal Standards*

Under Federal Rule of Civil Procedure 15, a party may amend a pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2). Leave to amend is freely given when justice so requires. FED. R. CIV. P. 15(a)(2). However, this right is not

absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

A defendant's right to amend its answer to assert a nonparty defense is governed by the Indiana Comparative Fault Act, IND. CODE § 34-51-2. Under the Act, "a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." IND. CODE § 34-51-2-14. The defendant bears the burden of pleading and proving the specific name of the nonparty. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 913 (Ind. 2001) (citing *Cornell Harbison Excavating, Inc. v. May*, 546 N.E.2d 1186, 1187 (Ind. 1989)); *see* IND. CODE § 34-51-2-15. As such, "a defendant who intends to use a nonparty defense must *specifically name* the nonparty," *Owens Corning Fiberglass Corp.*, 754 N.E.2d at 913 (emphasis added) (citing *Cornell Harbison*, 546 N.E.2d at 1187), and must also disclose the identify of nonparty defendants within a certain time frame, *see* IND. CODE § 34-51-2-16. Specifically, "[i]f service of the complaint was made on the defendant more than 150 days prior to the expiration of the statutory limitations period for the nonparty, the defendant must plead nonparty defenses no later than 45 days before such expiration deadline." *Parker v. Rockies Express Pipeline LLC*, No. 1:11-cv-00139-SEB-DML, 2012 WL 4481976, at *2 (S.D. Ind. Sept. 28, 2012) (citing IND. CODE § 34-51-2-16).

Ultimately, if a defendant "cannot meet the requirements of the Indiana Comparative Fault Act, it cannot properly assert a nonparty defense and the amendment would be futile." *Atkins v. Kroger Co.*, No. 1:11-cv-00772-JMS-MJD, 2013 WL 1319395, at *1 (S.D. Ind. Mar. 28, 2013) (citing *Bethany v. Pharmacal Co. Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir.

3

2001)). Put another way, a court can deny a motion to amend to add a nonparty defense on the grounds of futility if the requirements of the Comparative Fault Act are not met. *See id.*; *Caterpillar Logistics Servs., Inc. v. Moore Sec., L.L.C.*, No. 4:08-cv-213-RLY-WGH, 2009 WL 4677039, at *2 (S.D. Ind. Dec. 9, 2009) (denying a motion to add a nonparty affirmative defense as futile when the defendant did not name the party).

*B. Analysis*

In the instant case, PNA seeks to add ten non-parties to its affirmative defenses, four of which are unidentified. Rather than specifically naming these non-party defendants in its proposed amended answer, PNA describes them as follows:

> Entities that installed component parts onto the racks, namely rubber logs along the bottom of the racks; entities whose responsibility included repairing and maintaining the racks; Plaintiff's coworkers or employees or agents of General Motors who unpackaged or handled the rack or glass involved in [P]laintiff's accident, including but not limited to removal of the straps and/or paper separators; and other workers on the premises of General Motors that received delivery of the rack, stored the rack, [or] moved or positioned the rack from its original place of delivery to the line where it was located at the time of Plaintiff's injury.

(Docket # 20-1 at ¶ 5.)

There is no dispute that PNA does not specifically name the non-party defendants it seeks to add in its amended answer. But PNA contends that it does not have to, at least at the pleadings stage, because the definition of "nonparty" changed since the Indiana Supreme Court held in *Cornell Harbison*, 546 N.E.2d at 1187—a 1989 case—that a party pleading a nonparty defense must specifically name the nonparty.

When the Indiana Supreme Court decided *Cornell Harbison*, a nonparty was defined as "a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." *Id.* (quoting IND.

4

CODE § 34-4-33-2(a) (1989)).  The legislature, however, subsequently "amended the definition so that a 'nonparty' is now defined as 'a person who caused or contributed to cause the alleged injury . . . but who has not been joined in the action as a defendant.'"  *Bulldog Battery Corp. v. Pica Invs., Inc.*, 736 N.E.2d 333, 338 (Ind. Ct. App. 2000) (emphasis omitted) (quoting IND. CODE § 34-6-2-88).  According to PNA, the *Cornell Harbison* court's underlying reasoning for requiring specific identification was to allow the nonparty to be joined as a defendant.  (Docket # 22 at ¶ 1.)  But now, PNA argues, because the definition of nonparty focuses on whether the person *caused or contributed to cause* an injury, rather than whether the person is *liable* to the claimant, this underlying rationale is no longer applicable.  (Docket # 22 at ¶ 2.)

Yet in 2001—after the definition of nonparty was amended—the Indiana Supreme Court "acknowledged that the holding in *Cornell Harbison* was still controlling when it explained that 'a defendant who intends to use a nonparty defense must specifically name the nonparty.'"  *Caterpillar Logistics Servs*, 2009 WL 4677039, at *1 (quoting *Owens Corning Fiberglass Corp.*, 754 N.E.2d at 913).  Moreover, after the change in definition, Indiana federal courts have continued to note that, under Indiana law, a defendant must specifically name the nonparty to assert a nonparty defense.  *See Parker*, 2012 WL 4481976, at *3 ("Any nonparties added by [Defendant] shall be specifically named, in accordance with Indiana law."); *Caterpillar Logistics Servs.*, 2009 WL 4677039, at *2 ("It is clear from the Magistrate Judge's review of the relevant authorities that Defendant cannot assert this nonparty affirmative defense without naming the party."); *McGrath v. Godshalk*, No. 2:07 CV 34, 2007 WL 2746865, at *12 (N.D. Ind. Sept. 18, 2007) ("McGrath correctly noted that Indiana law requires specificity when alleging the fault of a nonparty as a defense." (citing *Cornell Harbison*, 546 N.E.2d at 1187)); *Custer v. Schumacher*

5

*Racing Corp.*, No. 1:06-cv-1208-WTL-JDT, 2007 WL 2902047, at *1 n.1 (S.D. Ind. Aug. 14, 2007) ("The fact that the Defendants asserted a generic nonparty defense in their original answer is irrelevant, as a defendant must specifically name the nonparty in order to assert a nonparty defense." (citing *Owens Corning Fiberglass Corp.*, 754 N.E.2d at 913)).

Accordingly, under prevailing Indiana case law governing the Comparative Fault Act, PNA is required to specifically name the nonparty to assert a nonparty defense. Because PNA's proposed amended answer only generally describes the non-parties and does not specifically name them, PNA has not met the requirements of the Comparative Fault Act, preventing it from properly asserting a nonparty defense and making its amendment to add those non-party defenses futile. *Atkins v. Kroger Co.*, 2013 WL 1319395, at *1; *Caterpillar Logistics Servs.*, 2009 WL 4677039, at *2. Consequently, PNA's motion to amend could be denied on the grounds of futility to the extent it seeks to add unknown entities as nonparty defendants. *See Ind. Funeral Dirs. Ins. Trust*, 347 F.3d at 655.

Yet PNA stated in its reply that it is agreeable to temporarily withdrawing the references to the unknown non-parties that Cota objects to until it is able to identify those entities by name. (Docket # 22 at ¶ 6.) Thus, rather than denying PNA's motion, and because PNA's proposed amended answer is only partially futile, the Court will adopt PNA's alternative relief.

## IV. CONCLUSION

As such, PNA's Motion for Leave to Amend Answer (Docket # 20) is GRANTED, provided that PNA removes the language referencing the four unidentified non-parties[1] without

---

[1] Those nonparties are, once again, the following: entities that installed component parts onto the racks, namely rubber logs along the bottom of the racks; entities whose responsibility included repairing and maintaining the racks; Plaintiff's coworkers or employees or agents of General Motors who unpackaged or handled the rack or glass involved in [P]laintiff's accident, including but not limited to removal of the straps and/or paper separators; and

prejudice to later reasserting these nonparty defenses pursuant to both the timing requirements of IND. CODE § 34-51-2-16 and the scheduling order governing this case, which gives PNA until September 1, 2013, to amend its pleadings.[2]

SO ORDERED.

Entered this 19th day of April, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

other workers on the premises of General Motors that received delivery of the rack, stored the rack, [or] moved or positioned the rack from its original place of delivery to the line where it was located at the time of Plaintiff's injury.

[2] Cota's cause of action accrued on October 14, 2011. (Compl. ¶ 4.) As Indiana imposes a two year statute of limitations for personal injury actions, IND. CODE § 34-11-2-4, Cota's claims expire on October 14, 2013. The Complaint was served on PNA on September 17, 2012 (Notice of Removal ¶ 3), more than 150 days before the statute of limitations on Cota's claim would run. As such, under IND. CODE § 34-51-2-16, PNA must plead its nonparty defenses no later than 45 days before this period would run on October 14, 2013, which would be August 30, 2013.